UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE D. HUDDLESTONE, #318748,

       Plaintiff,

v.

CASE NO. 2:20-CV-13393
HONORABLE SEAN F. COX

JOSEPH CHAMBERS,

       Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Steve D. Huddlestone ("Plaintiff"), currently confined at the Cotton Correctional Facility in Jackson, Michigan, alleges that a fellow inmate, Joseph Chambers, committed several murders in preschool, elementary school, and junior high school and blamed Plaintiff for them, that Chambers committed multiple murders in Flint, Michigan and Nashville, Tennessee in the 1990s and blamed Plaintiff for them, and that Chambers raped and tried to murder him and killed several girlfriends in Flint, Michigan in 1997-1998. He names Chambers as the sole defendant in this action and seeks monetary damages and other relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1).

**II.    Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that

the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams* 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With this standard in mind, the Court finds that the civil rights complaint is subject to summary dismissal.

Plaintiff's complaint against Joseph Chambers, a fellow prisoner, must be dismissed because Chambers is a private individual and not a state actor subject to suit under 42 U.S.C. § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); *Rudd v. City of North Shores*, Mich., _ F.3d _, 2020 WL 5905062, *5 (6th Cir. Oct. 6, 2020) (citing *American*); *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (a plaintiff may not generally proceed under § 1983 against a private party).

A private individual is not liable for alleged civil rights violations under § 1983 unless his or her conduct is "fairly attributable" to the State, such as where the State provides "significant encouragement" for the disputed conduct or the actor is a "willful participant in joint activity with the State or its agents." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)). Absent such a showing, inmates do not act "under color of any state statute, ordinance, regulation, custom, or usage" as required to be liable under § 1983. *Nobles v. Brown*, 985 F.2d

235, 238 (6th Cir. 1992). In this case, Plaintiff does not allege any facts which show that Chambers acted at the behest of, or in concert with, any state officials. To be sure, his complaint, particularly his allegation that Chambers committed multiple murders as a child, seems fantastical and delusional on its face. Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57. Chambers, a private individual, is not subject to suit under § 1983 and the complaint against him must dismissed.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff's complaint must be summarily dismissed as frivolous and/or for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court also concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2021